IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LEOBARDO BARRAZA, | ) | No. 4:13CR1194 |
| | ) | |
| Petitioner, | ) | No. 4:06CR-476 SNL |
| | ) | |
| vs. | ) | |
| | ) | Motion to Vacate, Set Aside, or |
| UNITED STATES OF AMERICA, | ) | Correct Sentence by a Person |
| | ) | in Federal Custody |
| Respondent. | ) | 28 U.S.C. §2255 |

## Petition Pursuant to 28 U.S.C. §2255

1. Petitioner is a federal prisoner (Reg. No. 33112-013), currently incarcerated at U.S.P. Lee, the federal Penitentiary in Jonesville, Virginia, 24263 (Box 305).

2. Petitioner is serving a sentence of life without parole, the minimum punishment mandated by 18 U.S.C. §1201(a) for the offense of kidnapping during which a person died. The crime occurred when petitioner was 16 years old.

3. This second motion under 28 U.S.C. §2255 is based on a new rule of Constitutional law in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), that the Supreme Court has made retroactively applicable on collateral review. Petitioner filed an application in the United States Court of Appeals for the Eighth Circuit on May 3, 2013, asking its authorization to file this motion under 28 U.S.C. §2255(h)(2). That Court has not yet ruled on that motion, notwithstanding the 30 day time limit

mandated for that Court to rule under 28 U.S.C. §2244(b)(3)(D).

## Information Regarding Conviction

4. Name and location of court that entered the judgment of conviction and sentence challenged:

> United States District Court, Eastern District of Missouri
> 111 South Tenth Street
> St. Louis, Missouri 63102

| | |
|---|---|
| Docket number: | 4:06CR-476 SNL |

5. Date of judgment of conviction:     July 28, 2008

    Date of sentencing:     October 15, 2008

6. Length of sentence:     Mandatory minimum term of life without parole (2 counts running concurrent)

7. Nature of crime:     Two counts kidnapping resulting in death of person, in violation of 18 U.S.C. §1201(a)

8. Movant was convicted after a jury trial on the indictment.

## Information Regarding Direct Appeal and Prior §2255 Motions

9. Movant took a direct appeal from his conviction and sentence to the United States Court of Appeals for the Eighth Circuit.

Docket number:     08-3488

Result:     Conviction and sentence affirmed

Date of opinion:     August 17, 2009

    Citation to the case:        576 F.3d 798

    Claims raised:    Life without parole is cruel/unusual punishment for juvenile homicide; court mistakenly denied to strike juror for cause; court failed to require jury to find defendant acted with intent to kill;

10.  Movant filed a petition for a writ of certiorari in the United States Supreme Court in connection with his direct appeal.

    Docket Number:        09-9187

    Result:        Denied, on October 4, 2010.

    Grounds raised:    life without parole is cruel/unusual for juvenile homicide, erroneous denial of motion to strike juror

11.  Movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 on October 3, 2011.

    Docket number:        4:11CV01726 SNL

    Evidentiary hearing:    court did not hold a hearing

    Grounds raised:    requested settlement through "administrative remedy"

    Result:    Motion denied

    Date of ruling:    January 4, 2012

    Citation to the case:    2012 U.S. Dist. LEXIS 444

12.  Movant did not file an appeal from the denial of his first §2255 motion.

13.  [information about certiorari regarding §2255 appeal, if applicable]

## GROUND FOR RELIEF

14.  In 2008, movant was convicted in the Federal District Court for the Eastern District of Missouri in No. 4:06CR-476 of kidnapping resulting in death, in violation of 18 U.S.C. §1201(a).  DCD No. 105.  Movant was born on January 18, 1982, and was 16 years old when the offenses occurred in the summer of 1998. He was not arrested in until 2006, at which time he was employed as a drywall laborer supporting his wife and young daughter.  Movant had no prior juvenile adjudications, and his only subsequent offense consisted of a car theft for which he successfully completed three years probation and paid restitution as ordered. He was convicted of the federal charges of kidnapping in which a person died, for which the statute mandates an enhanced minimum punishment of life in prison, which carries no parole in federal sentencing.  When movant objected that this life sentence constituted cruel and unusual punishment at his sentencing, the district court observed that the issue would have to be resolved by a higher court, because prevailing law at that time did not support it.  The mandatory minimum sentence of life in prison without parole provided no opportunity for the movant to persuade the judge to impose any lesser sentence.

15.  Four years later, the Supreme Court held that mandatory life imprisonment constituted cruel and unusual punishment for homicides committed by juveniles.  *Miller v. Alabama*, 132 S.Ct. 2455, 2474-75 (2012).  18 U.S.C.

§1201(a) provides that a person convicted of kidnapping, "if the death of any person results, shall be punished by death or life imprisonment." The statute makes life without parole an enhanced mandatory minimum punishment for kidnapping resulting in death, and, because the Supreme Court ruled in 2005 that death could never be imposed for murders committed by defendants less than eighteen years old, the only punishment authorized in this case was a sentence of life without parole.  Movant's sentences for the two counts of kidnapping were therefore imposed in a manner not permitted by the Eighth Amendment as explained in *Miller*.  Movant's mandatory life sentences for the kidnapping and conspiracy counts entered in this case, therefore, violate the Eighth Amendment as explained in the *Miller* ruling.  The record at trial relating to this offense reflects the hallmarks of youth that mitigate the offense, including Barraza's failure to appreciate risks and consequences, and the impact of peer pressure from the adult codefendant who was also involved in this crime.  Furthermore, the fact that Barraza matured into a productive, and mostly law-abiding adult in the eight years following the crime until his arrest constituted substantial evidence mitigating against a sentence of life in prison without parole and showed his capacity for rehabilitation as an adult.  These circumstances comprised substantial grounds for a sentence far less than life in prison without parole, but they were rendered irrelevant by the mandatory life sentences for the aggravated offense of

kidnapping resulting in death.

16.  Congress limits the jurisdiction of this Court to entertain successive §2255 petitions to those instances in which the motion asserts a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  28 U.S.C. §2255(h)(2); *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) (stating that the criteria for authorization are jurisdictional).  The new rule in *Miller* has been "made retroactive to cases on collateral review by the Supreme Court" by a two-step process that "necessarily dictate[s] retroactivity of the new rule."  *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also Id*. at 668-69 (O'CONNOR, J., concurring) (describing that two step-process).  First, under *Teague v. Lane*, 489 U.S. 288 (1989), new categorical exclusion from certain forms of punishment apply retroactively to cases on collateral review.  *See Penry v. Lynaugh*, 492 U.S. 302, 329-30 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).  Second, *Miller* involves a categorical exclusion from punishment because it forbids a sentencing judge from imposing a mandatory sentence of life without parole on a juvenile homicide offender. See 132 S. Ct. at 2469. Thus the Supreme Court has "made" *Miller* retroactive to cases on collateral review, because *Miller* is the kind of rule that under *Teague* necessarily applies retroactively. See Tyler, 533 U.S. at 666. This Court therefore has jurisdiction to

resentence Movant in a manner consistent with *Miller*. See 28 U.S.C. §§ 2244(b)(4), 2255(h)(2).

### RELIEF REQUESTED

17. The new *Miller* ruling establishes that the enhanced mandatory minimum sentence of life imprisonment imposed against Movant under 18 U.S.C. §1201(a) constitutes cruel and unusual punishment prohibited by the Eighth Amendment because Movant was a juvenile when the offense occurred. This is precisely the type of error from which habeas corpus relief is authorized under 28 U.S.C. §2255(b). Movant respectfully requests that this Court vacate the sentences imposed in No. 4:06CR-476 SNL and conduct a new sentencing hearing consistent with the Fifth, Sixth, and Eighth Amendments. *See id.; Miller*, 132 S.Ct. at 2468.

18. Movant further requests that the Court require the government to file an answer to this motion in the form prescribed by Rule 5 of the Rules Governing Section 2255 Cases, identifying all proceedings conducted in Movant's case, including any which have not been recorded or transcribed, and specifically admitting or denying the factual allegations set forth above.

19. Movant further requests that the Court permit him to file a reply in support of this motion in which he may address any affirmative defenses the government may raise in its answers.

20.  Movant further requests that the Court promptly conduct a hearing on this motion s required by 28 U.S.C. §2255(b).

21.  Movant further requests that the Court grant any additional or alternative relief as may be just and proper.

Respectfully submitted:

KEVIN C. CURRAN
Assistant Federal Public Defender

*s/Kevin C. Curran*
Kevin C. Curran
Assistant Federal Public Defender
1010 Market, Suite 200
Saint Louis, Missouri 63101
(314) 241-1255
Fax: (314) 421-3177
E-mail: Kevin_Curran@fd.org

ATTORNEY FOR MOVANT

# CERTIFICATE OF SERVICE

  I hereby certify that on June 25, 2013, I transmitted the foregoing Motion to Vacate, Set Aside, or Correct Sentence using the CM/ECF system to the following ECF registrants:

Clerk of Court
Thomas Eagleton U.S. Courthouse
111 N. 10th Street
Saint Louis, MO.  63102

Dean Hoag
Assistant United States Attorney
111 N. 10th Street, 20th Floor
St. Louis, MO. 63102

Copy mailed to:

Leobardo Barraza
Movant

*s/Kevin C. Curran*
Assistant Federal Public Defender